1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   CHARA CURTIS, et al.,                          CASE NO. C12-0991JLR

11                         Plaintiffs,              ORDER ON SANCTIONS

12          v.

13   ILLUMINATION ARTS, INC., et al.,

14                         Defendants.

15                         **I.      INTRODUCTION**

16          On February 19, 2013, the court granted Plaintiffs Chara Curtis, Cynthia Aldrich

17   and Alfred Currier's motion to compel discovery and for sanctions against Defendants

18   Illumination Arts, Inc., Illumination Arts Publishing, LLC, John M. Thompson, and

19   Kimmie Lynn Thompson.  (*See* 2/19/13 Order (Dkt. # 19).)  In its order, the court

20   directed Plaintiffs to submit a statement within seven days of the date of the order, along

21   with appropriate documentation, concerning their reasonable expenses and attorney's fees

22   incurred in bringing the motion to compel discovery.  (*Id.* at 8.)  The court also directed

1    Defendants to file a response to Plaintiffs' statement concerning the reasonableness of

2    Plaintiffs' expenses and fees within an additional seven days.  (*Id.*)  Before the court is

3    Plaintiffs' timely-filed statement.  (*See* Kruckeberg Decl. (Dkt. # 20).)  Defendants failed

4    to file any response to Plaintiffs' statement as directed by the court.  The court now

5    considers the specific amount of sanctions it will award to Plaintiffs based on its earlier

6    order granting Plaintiffs' motion to compel.

7         In addition, in its order granting Plaintiffs' motion to compel, the court also

8    ordered Defendants Illumination Arts, Inc. and Illumination Arts, LLC, to submit

9    corporate disclosure statements in compliance with Federal Rule of Civil Procedure 7.1

10   no later than March 1, 2013.  (2/19/13 Order at 6, 8.)  Illumination Arts, Inc. and

11   Illumination Arts, LLC, failed to comply with the court's order.  Accordingly, the court

12   considers appropriate sanctions for this violation.

## II.    ANALYSIS

14        Federal Rule of Civil Procedure 37(d) permits a court to "order payment of the

15   reasonable expenses, including attorney's fees" caused by a party's failure to provide

16   discovery "unless the failure was substantially justified or other circumstances make an

17   award of expenses unjust."  Fed. R Civ. P. 37(d)(1)(A)(ii); Fed. R. Civ. P. 37(d)(3).  In

18   addition, "the court *must* require the party failing to act, the attorney advising that party,

19   or both to pay the reasonable expenses, including attorney's fees, caused by the failure,

20   unless the failure was substantially justified or other circumstances make an award of

21   expenses unjust."  Fed. R. Civ. P. 37(d)(3) (emphasis added).  On February 19, 2013, the

22   court granted Plaintiffs' motion to compel discovery and for sanctions in the form of

1    Plaintiffs' reasonable expenses and attorney's fees incurred in bringing the motion.

2    (2/19/13 Order at 6-7, 8.)

3          On February 22, 2013, Plaintiffs' counsel, Kurt E. Kruckeberg, submitted a timely

4    statement concerning the expenses and attorney's fees incurred by Plaintiffs in bring their

5    motion to compel in the amount of $5,594.00.  (*See generally* Kruckeberg Decl.)  Not

6    only did Defendants fail to file any response to Plaintiffs' motion to compel, they also

7    failed to file any response to Plaintiffs' statement concerning the attorney fees and other

8    expenses they incurred in bring their motion to compel—despite being instructed by the

9    court to do so.  (*See* 2/19/13 Order at 8.)  Under this court's Local Rules, "if a party fails

10   to file papers in opposition to a motion, such failure may be considered by the court as an

11   admission that the motion has merit."  Local Rules W.D. Wash. CR 7(b)(2).  Further, the

12   court has reviewed Mr. Kruckeberg's declaration and supporting documentation, the

13   court finds that Mr. Kruckeberg's request is reasonable.  Accordingly, the court orders

14   both Defendants and their counsel to pay Mr. Kruckeberg's law firm, Hillis Clark Martin

15   & Peterson, P.S., reasonable attorney's fees and expenses of $5,594.00 within 14 days of

16   the date of this order.

17         In addition, neither Illumination Arts, Inc. nor Illumination Arts, LLC, have filed a

18   corporate disclosure statement as required under Federal Rule of Civil Procedure 7.1 or

19   the court's Local Rule 7.1.  *See* Fed. R. Civ. P. 7.1; W.D. Wash. Local Rules LCR 7.1.

20   On September 13, 2012, the court notified these defendants that they must file a corporate

21   disclosure statement.  (*See* Dkt. Entries dated Sept. 13, 2012.)  In addition, in its prior

22   order, the court specifically directed these defendants to file corporate disclosure

1  statements no later than March 1, 2013.  (*See* 2/19/13 Order at 6, 8.)  The court also

2  warned that if they "fail[ed] . . . to provide the required corporate disclosure statements

3  within the [stated] timeframe . . . , the court [would] consider the imposition of additional

4  sanctions . . . ."  (*Id.* at 7.)  Both Illumination Arts, Inc., and Illumination Arts, LLC, are

5  in violation of this order.

6          Defendants' counsel's failure to comply with this court's order concerning the

7  filing of corporate disclosure statements is unacceptable.  A district judge must recuse

8  himself or herself altogether from any case in which he or she owns stock in a corporate

9  party or in a parent corporation of a corporate subsidiary.  *See* 28 U.S.C. § 455(b)(4).

10  Without a defendant's corporate disclosure statement, the court cannot properly assess its

11  compliance with this requirement.  Under the Federal Rules of Civil Procedure, the court

12  may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a

13  party or its attorney . . . fails to obey a . . . pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).[1]

14

15          [1] The possible sanctions listed in Rule 37(b)(2)(A) include:

16          (i) directing that the matters embraced in the order or other designated facts be
           taken as established for purposes of the action, as the prevailing party claims;

17

18          (ii) prohibiting the disobedient party from supporting or opposing designated
           claims or defenses, or from introducing designated matters in evidence;

19          (iii) striking pleadings in whole or in part;

20          (iv) staying further proceedings until the order is obeyed;

21          (v) dismissing the action or proceeding in whole or in part;

22          (vi) rendering a default judgment against the disobedient party; or

ORDER- 4

1   The court has already issued a warning concerning counsel's failure to file the required

2   corporate disclosure statement.  (*See* 2/19/13 Order at 7.)  Accordingly, the court now

3   ORDERS counsel for Illumination Arts, Inc. and Illumination Arts, LLC, to pay

4   sanctions of $500.00 to the clerk of court, representing $250.00 for each corporate

5   disclosure statement that he failed to file.  Counsel shall pay these sanctions and file the

6   required corporate disclosure statements within fourteen days of the date of this order.  If

7   counsel for Illumination Arts, Inc. and Illumination Arts, LLC, fails to comply with this

8   order, then the court will consider imposing further sanctions including the entry of

9   default judgments against these two defendants.  *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R.

10   Civ. P 37(b)(2)(A)(vi).

11   ### III.    CONCLUSION

12         Based on the foregoing, the court ORDERS Defendants and Defendants' counsel

13   to pay Mr. Kruckeberg's law firm, Hillis Clark Martin & Peterson, P.S., reasonable

14   attorney's fees and expenses in the amount of $5,594.00 within 14 days of the date of this

15   order.  In addition, counsel for Illumination Arts, Inc. and Illumination Arts, LLC, shall

16   pay $500.00 in sanctions to the clerk of court and file the required corporate disclosure

17   statements for these defendants within fourteen days of the date of this order.  If counsel

18   for Illumination Arts, Inc. and Illumination Arts, LLC, fails to comply with this order and

19   file the required corporate disclosure statements, then the court will consider imposing

20

21         (vii) treating as contempt of court the failure to obey any order except an order to
submit to a physical or mental examination.

22   Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

1   further sanctions and including the entry of default judgments against these two

2   defendants.

3          Dated this 19th day of March, 2013.

4

5

6          _____

7          JAMES L. ROBART
           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 6