UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARA CURTIS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ILLUMINATION ARTS, INC., et al.,<br><br>    Defendants. | CASE NO. C12-0991JLR<br><br>ORDER ON SANCTIONS |

### I.   INTRODUCTION

On February 19, 2013, the court granted Plaintiffs Chara Curtis, Cynthia Aldrich and Alfred Currier's motion to compel discovery and for sanctions against Defendants Illumination Arts, Inc., Illumination Arts Publishing, LLC, John M. Thompson, and Kimmie Lynn Thompson.  (*See* 2/19/13 Order (Dkt. # 19).)  In its order, the court directed Plaintiffs to submit a statement within seven days of the date of the order, along with appropriate documentation, concerning their reasonable expenses and attorney's fees incurred in bringing the motion to compel discovery.  (*Id.* at 8.)  The court also directed

ORDER- 1

Defendants to file a response to Plaintiffs' statement concerning the reasonableness of Plaintiffs' expenses and fees within an additional seven days. (*Id.*)  Before the court is Plaintiffs' timely-filed statement.  (*See* Kruckeberg Decl. (Dkt. # 20).)  Defendants failed to file any response to Plaintiffs' statement as directed by the court.  The court now considers the specific amount of sanctions it will award to Plaintiffs based on its earlier order granting Plaintiffs' motion to compel.

In addition, in its order granting Plaintiffs' motion to compel, the court also ordered Defendants Illumination Arts, Inc. and Illumination Arts, LLC, to submit corporate disclosure statements in compliance with Federal Rule of Civil Procedure 7.1 no later than March 1, 2013.  (2/19/13 Order at 6, 8.)  Illumination Arts, Inc. and Illumination Arts, LLC, failed to comply with the court's order.  Accordingly, the court considers appropriate sanctions for this violation.

## II.   ANALYSIS

Federal Rule of Civil Procedure 37(d) permits a court to "order payment of the reasonable expenses, including attorney's fees" caused by a party's failure to provide discovery "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R Civ. P. 37(d)(1)(A)(ii); Fed. R. Civ. P. 37(d)(3).  In addition, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3) (emphasis added).  On February 19, 2013, the court granted Plaintiffs' motion to compel discovery and for sanctions in the form of

Plaintiffs' reasonable expenses and attorney's fees incurred in bringing the motion. (2/19/13 Order at 6-7, 8.)

On February 22, 2013, Plaintiffs' counsel, Kurt E. Kruckeberg, submitted a timely statement concerning the expenses and attorney's fees incurred by Plaintiffs in bring their motion to compel in the amount of $5,594.00. (*See generally* Kruckeberg Decl.) Not only did Defendants fail to file any response to Plaintiffs' motion to compel, they also failed to file any response to Plaintiffs' statement concerning the attorney fees and other expenses they incurred in bring their motion to compel—despite being instructed by the court to do so. (*See* 2/19/13 Order at 8.) Under this court's Local Rules, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). Further, the court has reviewed Mr. Kruckeberg's declaration and supporting documentation, the court finds that Mr. Kruckeberg's request is reasonable. Accordingly, the court orders both Defendants and their counsel to pay Mr. Kruckeberg's law firm, Hillis Clark Martin & Peterson, P.S., reasonable attorney's fees and expenses of $5,594.00 within 14 days of the date of this order.

In addition, neither Illumination Arts, Inc. nor Illumination Arts, LLC, have filed a corporate disclosure statement as required under Federal Rule of Civil Procedure 7.1 or the court's Local Rule 7.1. *See* Fed. R. Civ. P. 7.1; W.D. Wash. Local Rules LCR 7.1. On September 13, 2012, the court notified these defendants that they must file a corporate disclosure statement. (*See* Dkt. Entries dated Sept. 13, 2012.) In addition, in its prior order, the court specifically directed these defendants to file corporate disclosure

ORDER- 3

statements no later than March 1, 2013. (*See* 2/19/13 Order at 6, 8.) The court also warned that if they "fail[ed] . . . to provide the required corporate disclosure statements within the [stated] timeframe . . . , the court [would] consider the imposition of additional sanctions . . . ." (*Id.* at 7.) Both Illumination Arts, Inc., and Illumination Arts, LLC, are in violation of this order.

Defendants' counsel's failure to comply with this court's order concerning the filing of corporate disclosure statements is unacceptable. A district judge must recuse himself or herself altogether from any case in which he or she owns stock in a corporate party or in a parent corporation of a corporate subsidiary. *See* 28 U.S.C. § 455(b)(4). Without a defendant's corporate disclosure statement, the court cannot properly assess its compliance with this requirement. Under the Federal Rules of Civil Procedure, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Fed. R. Civ. P. 16(f)(1)(C).[1]

---

[1] The possible sanctions listed in Rule 37(b)(2)(A) include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

1  The court has already issued a warning concerning counsel's failure to file the required
2  corporate disclosure statement.  (*See* 2/19/13 Order at 7.)  Accordingly, the court now
3  ORDERS counsel for Illumination Arts, Inc. and Illumination Arts, LLC, to pay
4  sanctions of $500.00 to the clerk of court, representing $250.00 for each corporate
5  disclosure statement that he failed to file.  Counsel shall pay these sanctions and file the
6  required corporate disclosure statements within fourteen days of the date of this order.  If
7  counsel for Illumination Arts, Inc. and Illumination Arts, LLC, fails to comply with this
8  order, then the court will consider imposing further sanctions including the entry of
9  default judgments against these two defendants.  *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R.
10  Civ. P 37(b)(2)(A)(vi).

### III.   CONCLUSION

Based on the foregoing, the court ORDERS Defendants and Defendants' counsel to pay Mr. Kruckeberg's law firm, Hillis Clark Martin & Peterson, P.S., reasonable attorney's fees and expenses in the amount of $5,594.00 within 14 days of the date of this order.  In addition, counsel for Illumination Arts, Inc. and Illumination Arts, LLC, shall pay $500.00 in sanctions to the clerk of court and file the required corporate disclosure statements for these defendants within fourteen days of the date of this order.  If counsel for Illumination Arts, Inc. and Illumination Arts, LLC, fails to comply with this order and file the required corporate disclosure statements, then the court will consider imposing

---

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

ORDER- 5

further sanctions and including the entry of default judgments against these two defendants.

Dated this 19th day of March, 2013.

_____

JAMES L. ROBART
United States District Judge

ORDER- 6