THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARA CURTIS, CYNTHIA ALDRICH & ALFRED CURRIER,

Plaintiffs,

v.

ILLUMINATION ARTS, INC., a Washington corporation, ILLUMINATION ARTS PUBLISHING, L.L.C., a Washington limited liability company, JOHN M. THOMPSON, and KIMMIE LYNN THOMPSON,

Defendants.

No. 12-00991-JLR

**REPLY IN SUPPORT OF THIRD MOTION FOR SANCTIONS AND PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE**

## I. INTRODUCTION

On July 18, 2013, the Court ordered the defendants and their counsel to produce all remaining outstanding discovery by August 1, 2013, and to certify to the Court that they had done so. The Court warned the defendants and their counsel that continued defiance of the Court's orders could result in entry of default judgment. The defendants have not complied with the Court's orders. The Court is well within its right to follow through on its warning and enter terminating sanctions and an award of fees incurred in this third round of sanctions motions. The plaintiffs' motion should be granted.

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## II. EVIDENCE RELIED UPON

This reply brief relies on the Declaration of Kurt E. Kruckeberg in Support of Third Motion for Sanctions and Partial Summary Judgment, ECF Doc. No. 48 ("***Kruckeberg Decl.***"), with exhibits; the Declaration of Matthew King in Response to Motion for Sanctions and Judgment, ECF Doc. No. 51 ("***King Decl.***"), with exhibits; and other documents on file and cited by ECF docket number.

## III. AUTHORITY AND ARGUMENT

### A. The Court Should Strike the Defendants' Responsive Papers Because They Are Unsigned and Do Not Comply with Federal and Local Rules.

As an initial matter, the plaintiffs move to strike the responsive documents filed by the defendants. Local Rules, W.D. Wash. R. 7(g). Electronic signatures must conform to the Western District of Washington's Electronic Filing Procedures for Civil and Criminal Cases. Local Rules, W.D. Wash. 11(a). An electronically filed document requiring a signature must have the signor's name printed or typed on the line and under all of the signature lines. *See* U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases § L, at 9 (2012). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Unsworn declarations must be signed and certified as true under penalty of perjury. 28 U.S.C. § 1746. Unsworn declarations must at least substantially comply with the requirements of Section 1746. *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999).

None of the defendants' papers are signed. (*See* Resp. at 3 (Dkt. # 50); King Decl. at 2 (Dkt. # 51).) Moreover, John Thompson's declaration (attached as Exhibit 1 to Matthew King's declaration) is not certified as true under penalty of perjury. (*See generally* King Decl., Ex. 1 (Dkt. # 51-1).) The declaration also fails to comply with the format requirements of this district's Local Rule 10(e). And the remaining exhibits to King's declaration contain incorrect and error-riddled documents and inadmissible evidence regarding compromise offers and negotiations. (*See, e.g.*, King Decl., Ex. 18 (Dkt. # 51-18) (Letter from ")wi Kw:t ~ E. Kruckeberg" at the "HeMP Law

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Offices”).) The Court should strike the defendants’ response and grant the plaintiffs’ motion as unopposed.

**B. The Court Should Reject the Defendants’ Recycled Excuses for Noncompliance with the Court’s Orders.**

Moreover, the defendants’ improper response lacks substantive merit.[1] It merely recycles excuses that the Court has already dismissed. All the while, the defendants continue to defy the Court’s orders. The Court should sanction the defendants and enter default judgment against them.

The defendants continue to maintain that their offices are open and that their records are available for inspection and duplication. (Resp. at 2 (Dkt. # 50).) The defendants have never told the plaintiffs just how that duplication can occur at the defendants’ residential office. The Court has already noted that the defendants’ previous offer to make records available must be understood in proper context. (*See* Order on Pls.’ 2d Mot. for Partial Summ. J. and 2d Mot. for Sanctions at 17 (Dkt. # 43).) An offer of documents for duplication is an empty one if there are no means of duplication. Despite the plaintiffs’ repeated requests for information about duplication services, the defendants have “never provided any clarification concerning duplication services and continued to put off arrangements for inspection and copying of their records.” (*Id.*) In short, the Court already rejected these arguments when it ruled on the plaintiffs’ Second Motion for Sanctions, and it need not consider them again.

---

[1] The defendants have filed papers indicating that Mr. and Mrs. Thompson wish to proceed pro se. (*See* Resp. at 1-2 (Dkt. # 50).) The Court has not yet granted Mr. King’s motion to withdraw as counsel. (*See generally* Mot. to Withdraw (Dkt. # 49).) Mr. Thompson’s declaration, attached as an exhibit to Mr. King’s declaration, appears to be the response of Mr. and Mrs. Thompson in their individual capacities. (*See* King Decl., Ex. 1 at 4 (Dkt. # 51-1); King Decl., Ex. 2 (Dkt. # 51-2).). Under 28 U.S.C. § 1654, Mr. Thompson is entitled to represent himself. But Mr. Thompson may not act as his wife’s representative in this action, even if he has her authorization to do so. *See, e.g.*, *Sui v. Southside Towing*, SACV 10-01973 JAK, 2011 WL 2940990 (C.D. Cal. July 18, 2011) (“[Husband] cannot appear in this action on his wife’s behalf or act as her representative merely to assist her in litigating her claims, even if he has her authorization to do so.”); *see also Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 170 (E.D. Va. 1994) (cataloging cases) (“Except in the rarest of circumstances, federal courts have been uniformly hostile to attempts by non-attorneys to represent others in court proceedings.”).



HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**C. The Defendants' and Their Counsel Continue to Defy the Court's Orders by Refusing to File the Court-Mandated Certifications.**

As part of its order on plaintiffs' Second Motion for Sanctions, the Court ordered the defendants to "produce any remaining outstanding discovery covered by the court's prior order . . . ." (*Id.* at 20.) The Court also ordered the defendants and their counsel to file—within fourteen days—a certification signed by counsel and each of the defendants (in their personal and representative capacities) stating that they had fully complied with the Court's order and produced all of the remaining outstanding discovery. (*Id.* at 19–20.)

The defendants and their counsel have failed to file the certifications mandated by the Court. Without this certification, the plaintiffs' prejudice continues because the plaintiffs cannot know whether the defendants have fully complied with the Court's order or whether the defendants' counsel has made reasonable efforts to assure that the defendants have provided all the information and documents available to them that are responsive to the discovery requests. *See generally* Fed. R. Civ. P. 26(g) (1983 Advisory Committee Notes).

In fact, instead of certifying that they have fully complied with the Court's orders, the defendants have broadcast to the Court that they have not fully complied. In their response, the defendants state that they have provided "the bulk of the requested information" and that they are "still in the process of gathering information regarding Defendant Kim Thompson." (Resp. at 1–2 (Dkt. # 50).). The Court ordered production of all remaining outstanding discovery (not the bulk of it) and production of all of the requested records pertaining to Mrs. Thompson (not that the defendants merely start gathering information nearly a year after being served with discovery requests).

Without the defendants' and counsel's certifications, the plaintiffs (and the Court) cannot know whether they "will ever have access to the true facts." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). This makes terminating sanctions the appropriate remedy here. *See id.* The plaintiffs' prejudice continues as the defendants and their counsel continue to flout the Court's orders and refuse to file the Court-mandated certifications.

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

The Court should grant the plaintiffs' motion and enter default as a sanction.

**D. The Defendants' Last-Minute Production Cannot Remedy the Plaintiffs' Prejudice.**

In an effort to stave off default judgment, the defendants have, once again, produced additional documents on the very day that their response to plaintiffs' sanctions motion was due. (Resp. at 1 (Dkt. # 50).) As with prior last-minute document productions, these documents were produced only after the plaintiffs filed a motion for sanctions. These responses come well after the discovery cutoff date and only one week before the Court's new deadline for the plaintiffs to file an additional summary judgment motion. (*See* Second Sanctions Order at 20 (Dkt. # 43).) The plaintiffs have, yet again, been materially prejudiced as the defendants run out the clock to prevent the plaintiffs from prosecuting their claims.

The Court's previous sanctions have failed to alleviate the plaintiffs' prejudice. The defendants and their counsel have paid none of the monetary sanctions ordered by the Court, and the plaintiffs are forced to continue policing discovery by repeatedly filing sanctions motions. (Kruckeberg Decl. ¶ 6 (Dkt. # 48).) The plaintiffs still have no means of ensuring that the defendants have complied with the Court's orders because the defendants and their counsel refuse to certify that they have fully complied. And the defendants have again delayed judgment in this case, leaving the plaintiffs unpaid for the defendants' exploitation of their work since 2009. (King Decl., Ex. 1 ¶ 10 (Dkt. # 51-1).)

**E. The Court Should Grant Plaintiffs' Motion for Partial Summary Judgment on the Issues of Contract Damages and Veil-Piercing.**

When a moving party properly supports its motion for summary judgment, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A district court may only consider admissible evidence in ruling on a motion for summary judgment. *Moore v. Thomas*, 653 F. Supp. 2d 984, 991 (N.D. Cal. 2009) (citing Fed.R.Civ.P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002)). Unauthenticated documents are inadmissible and may not be considered on summary

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

judgment. *Id.* Absent a genuine issue of material fact to be determined at trial, the moving party is entitled to judgment as a matter of law. *Liberty Lobby, Inc.*, 477 U.S at 252.

The plaintiffs have offered uncontradicted evidence regarding Cynthia Aldrich and Alfred Currier's contract damages. In addition, the plaintiffs have offered uncontradicted evidence establishing that Mr. Thompson funneled funds away from the corporate defendants to subsidize his personal lifestyle, and that this behavior injured the plaintiffs because those funds were unavailable to pay the plaintiffs' their past-due royalties. The defendants offer a single, unsworn, unsigned, self-serving affidavit in an attempt to contradict the plaintiffs' evidence of contract damages and alter-ego. This declaration is inadmissible and unavailing. Plaintiffs' motion for summary judgment on the issues of contract damages and for veil-piercing as to Mr. Thompson should be granted.

## IV. CONCLUSION

The defendants continuing defiance of the Court's orders materially prejudices the plaintiffs. The Court warned the defendants in both its first order on sanctions and its second order on sanctions that violating the Court's orders could result in default judgment. The Court has tried less severe sanctions to no avail. The Court should enter default judgment against the defendants and award plaintiffs their fees and costs incurred in bringing this motion.

DATED this 30th day of August, 2013.

HILLIS CLARK MARTIN & PETERSON P.S.
By *s/ Kurt E. Kruckeberg*
Amit D. Ranade, WSBA #34878
Kurt E. Kruckeberg, WSBA# 44246
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
adr@hcmp.com; kek@hcmp.com
Attorneys for Plaintiffs
Chara Curtis, Cynthia Aldrich & Alfred Currier

Reply in Support of Third Motion for Sanctions and Partial Summ. J. (August 2013) v 1.docx

*Reply in Support of Third Motion for Sanctions and Partial Summary Judgment and Motion to Strike*
Case No. 12-00991-JLR - 6

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew R King
matthewrkinglaw@hotmail.com

John M. Thompson
jthompson@illumin.com

Kimmie Lynn Thompson
jthompson@illumin.com

DATED this 30th day of August, 2013 at Seattle, Washington.

By *s/ Kurt E. Kruckeberg*
Kurt E. Kruckeberg, WSBA# 44246
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
E-Mail: kek@hcmp.com

*Reply in Support of Third Motion for Sanctions and Partial Summary Judgment and Motion to Strike*
Case No. 12-00991-JLR - 7

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789