UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARA CURTIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINATION ARTS, INC., et al.,<br><br>Defendants. | CASE NO. C12-0991JLR<br><br>ORDER DENYING MOTION TO WITHDRAW |

## I.  INTRODUCTION

Before the court is a motion to withdraw from representation by Defendants' counsel, Matthew R. King. (Mot. to Withdraw (Dkt. # 49).) Mr. King requests leave from the court to cease his representation of Defendants Illumination Arts, Inc. ("IAI"), Illumination Arts Publishing, L.L.C. ("IAP"), John M. Thompson, and Kimmie Lynn Thompson. *Id.* Mr. King, however, has not complied with the court's local rules regarding motions to withdraw. *See* Local Rules W.D. Wash. LCR 83.2(b). Accordingly, the court DENIES Mr. King's motion to withdraw but without prejudice to

ORDER- 1

refiling a motion that complies with the Western District of Washington's Local Rules.

## II. BACKGROUND

On June 8, 2012, Plaintiffs Chara Curtis, Cynthia Aldrich, and Alfred Currier filed a complaint alleging that Defendants breached their publishing contract and infringed their copyrights. (*See generally* Compl. (Dkt. # 1).) Defendants Mr. and Ms. Thompson initially filed notices to appear pro se. (*See* Mr. Thompson Notice of Appearance (Dkt. # 7); Ms. Thompson Notice of Appearance (Dkt. # 8).) However, Mr. King later took over as counsel for all Defendants. (*See* King Notice of Appearance (Dkt. # 12).) Mr. King filed this motion to withdraw on August 23, 2013. (*See* Mot. to Withdraw.)

## III. ANALYSIS

The court's local rules provide that "no attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court." Local Rules W.D. Wash. LCR 83.2(b)(1). A motion to withdraw must include "certification that the motion was served on the client and opposing counsel." *Id.* Also, if withdrawal will leave a party unrepresented, the motion "must include the party's address and telephone number." *Id.* Additionally, if withdrawal will leave a business entity unrepresented,[1] counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to

---

[1] While individuals and sole proprietorships may appear in court pro se, "a business entity . . . must be represented by counsel." Local Rules W.D. Wash. LCR 83.2(b)(3).

any claims of other parties.

Local Rules W.D. Wash. LCR 83.2(b)(3).  Although Mr. King's motion contains the address and phone number of Defendants (*see* Mot. to Withdraw at 2), counsel's motion fails to satisfy the remaining requirements of Local Rule LCR 83.2(b).[2]

First, Mr. King's declaration of service does not satisfy Local Rule LCR 83.2(b)(1).  Mr. King's declaration of service only certifies that Plaintiffs' counsel was served and does not indicate that Defendants were also served with the motion.  (*See* Mot. to Withdraw at 3.)

Second, Mr. King's motion to withdraw does not satisfy Local Rule LCR 83.2(b)(3).  Although Mr. King claims to have "explained to [his corporate clients] that all business entities are required by law to be represented by an attorney . . ." and the consequences of failing to obtain replacement counsel (*see* Mot. to Withdraw at 1-2), Mr. King has not provided any factual support for this assertion.  *See* Local Rules W.D. Wash. LCR 7(b)(1) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion.").  Mr. King did not provide a declaration in support of his assertions.  (*See generally* Mot. to Withdraw.)

Last, assuming counsel refiles his motion to withdraw, the parties should bear in mind that technical compliance with Local Rule LCR 83.2(b) does not guarantee counsel

---

[2] Additionally, Mr. King's motion to withdraw and declaration of service do not satisfy the electronic signature standard of the local electronic filing procedures which require the format of "s/Name" for electronic signatures.  W.D. Wash. Electronic Filing Procedures for Civil and Criminal Cases § III(L); *see also* Local Rules W.D. Wash. LCR 11(a).

1 will be permitted to withdraw. "[T]he trial court retains wide discretion in a civil case to

2 grant or deny [a] motion to withdraw." *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA,

3 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010) (citing *Le Grand v. Stewart*, 133 F.3d

4 1253, 1269 (9th Cir. 1998)). The client's consent is not dispositive. *Robinson v.*

5 *Delgado*, No. CV 02–1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010)

6 (citing *CE Resource, Inc. v. Magellan Group, LLC*, No. 2:08-cv-02999-MCE-KJM, 2009

7 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009)). Rather, in considering a motion to

8 withdraw from representation courts consider a variety of factors, including: (1) the

9 reasons withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants;

10 (3) the harm withdrawal might cause to the administration of justice; and (4) the degree

11 to which withdrawal will delay the resolution of the case. *Bohnert*, 2010 WL 5067695, at

12 *2 (citing *In re Ryan*, No. 08-6250-HO, 2008 WL 4775108, at *3 (D. Or. Oct. 31, 2008)).

13 In a civil matters, counsel "will ordinarily be permitted to withdraw until sixty days

14 before the discovery cut off date . . . ." Local Rules W.D. Wash. LCR 83.2(b)(1).

### IV. CONCLUSION

The court DENIES Mr. Kings' motion to withdraw (Dkt. # 49) but without prejudice to refiling a motion that complies with the court's local rules.

Dated this 22nd day of October, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 4