THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARA CURTIS, CYNTHIA ALDRICH & ALFRED CURRIER,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINATION ARTS, INC., a Washington corporation, ILLUMINATION ARTS PUBLISHING, L.L.C., a Washington limited liability company, JOHN M. THOMPSON, and KIMMIE LYNN THOMPSON,<br><br>Defendants. | No. 12-00991-JLR<br><br>**RESPONSE MEMORANDUM REGARDING OFFSET TO DAMAGES** |

## I.  INTRODUCTION

The Court has requested additional briefing on whether it should reduce the damages assessed against the defendants by the value of books and materials the defendants turned over under the Court's earlier injunctive order. No offset is necessary or appropriate. The plaintiffs will reap no financial benefit from the books because the plaintiffs intend to donate them to Seattle Children's Hospital. Moreover, the books and materials contain extensive branding and advertising for the defendant infringers. If sold, these books would create consumer confusion as to the current publisher of the plaintiffs' work and thereby exacerbate the plaintiffs' injury.

*Response Memorandum Regarding Offset to Damages*
(12-00991-JLR) - 1

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

## II. EVIDENCE RELIED UPON

This reply brief relies on the Declaration of Chara Curtis in Support of Response Memorandum Regarding Offset to Damages ("***Curtis Decl.***"), with exhibits, and other documents on file and cited by ECF docket number.

## III. BACKGROUND

On May 29, 2013, the Court granted the plaintiffs' motion for partial summary judgment and permanently enjoined the defendants from infringing the plaintiffs' copyrights in the three books that are the subject of this dispute. (5/29/13 Order (Dkt. # 28) at 24.) As part of the Court's order, the Court ordered the defendants to return all of the infringing copies of the books to the plaintiffs. (*Id.*)

On or about June 6, 2013, representatives of the plaintiffs retrieved infringing copies of the books and other materials from the home and offices of the defendants. Curtis Decl. ¶ 2. After reviewing the books and materials, the plaintiffs noted that the books and materials contain the defendants' extensive branding and advertising. *Id.* ¶ 3, Ex. A. Because the books contain marketing material that benefits the defendant infringers and potentially causes consumer confusion as to the current publisher of the books, the plaintiffs realized that the books and materials would likely need to be destroyed following the resolution of this litigation. *Id.* ¶ 4. Frustrated at the prospect of destroying more than 2,500 children's books, the plaintiffs contacted the Dr. Samuel G. Brooks Guild for Seattle Children's Hospital on or about September 13, 2013, to see if Seattle Children's Hospital would be interested in receiving the books as a donation. *Id.* ¶ 5. The plaintiffs understand that both the Guild and Children's Hospital have reviewed and approved of the books and would eagerly accept a donation of the books pending the outcome of this litigation so that the hospital could share the books with the more than 2,000 children from Skagit County who are admitted to Children's Hospital each year. *Id.* ¶ 6.

On July 18, 2013, the Court granted the plaintiffs' motion for summary judgment on the issue of contract damages as to Ms. Curtis's breach of contract claim in the amount of $5,790.84.

*Response Memorandum Regarding Offset to Damages* (12-00991-JLR) - 2

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

(7/18/13 Order (Dkt. # 43) at 9.) The Court considered a similar motion for summary judgment on the issue of contract damages as to Ms. Aldrich and Mr. Currier's breach of contract claims in its most recent order in the amounts of $4,856.04 and $518.88, respectively. (11/21/13 Order (Dkt. # 55) at 25.) In this most recent order, however, the Court declined to grant summary judgment on the issue of contract damages for Ms. Aldrich and Mr. Currier and *sua sponte* reconsidered its ruling with respect to contract damages for Ms. Curtis. (*Id.* at 26.) The Court stated that, without deciding the issue, the Court was concerned that the value of the books and materials handed over to the plaintiffs in accordance with the Court's injunction should be considered as an offset to contract or other damages awarded to the plaintiffs. (*Id.*) The Court, therefore, ordered the parties to file responsive memoranda regarding whether the books and materials turned over to the plaintiffs in compliance with the Court's May 29, 2013 order should be applied as an offset to damages awarded to the plaintiffs.

### IV. AUTHORITY AND ARGUMENT

**A. No Offset Is Necessary Because the Plaintiffs Plan to Donate the Infringing Books to Seattle Children's Hospital.**

Under the Copyright Act, a court may order the destruction or "other reasonable disposition" of all copies of works found to have been made or used in violation of a copyright owner's exclusive rights, and of all articles by means of which such copies may be reproduced. 17 U.S.C. 503(b). In its November 21, 2013 order, the Court cited two cases as examples of "reasonable dispositions" of infringing articles under 17 U.S.C. 503(b): *RSO Records, Inc. v. Peri*, 596 F. Supp. 849 (S.D.N.Y. 1984), and *Entral Group International, LLC v. Honey Cafe on 5th, Inc.*, 05 CV 2290 NGG MDG, 2006 WL 3694584 (E.D.N.Y. Dec. 14, 2006). A third example of "reasonable disposition" is appropriate here and merits the Court's consideration: *Software Freedom Conservancy, Inc. v. Best Buy Co., Inc.*, 09 CIV. 10155 (SAS), 2010 WL 2985320 (S.D.N.Y. July 27, 2010).

In *RSO Records*, the court found the defendants liable for copyright infringement for

*Response Memorandum Regarding Offset to Damages* (12-00991-JLR) - 3

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

duplicating and counterfeiting records, tapes, and packaging materials for those records and tapes. *RSO Records*, 596 F. Supp. at 853. Importantly, the *RSO* court treated infringing inventory and the machinery used to create that inventory differently. *Id.* at 863–64. The court ordered the destruction of the bulk of the inventory under 17 U.S.C. 503(b) because the inventory was unlawfully created and infringing. *Id.* at 863. The court ordered the sale of the machinery used to create the infringing copies, "which would presumably be equipment for general photographic or sound duplication and can be used for legitimate, noninfringing purposes." *Id.* at 864. The net proceeds of the sale of the machinery were to be applied pro rata against the damages assessed against defendants. *Id.* But the inventory itself was not sold, and the court did not offset the damages assessed against the defendants by the costs the defendants incurred in creating the infringing inventory. *See id.*

Similarly, in *Entral Group*, the plaintiffs established that the defendant Honey Café used specialized machinery to enable its patrons to select and display audiovisual karaoke materials that included infringing works. *Entral Grp.*, 2006 WL 3694584 at *8. The *Entral* court ordered impoundment and forfeiture of all of the machinery that was used for infringing purposes, even though the machinery could also have been used for non-infringing karaoke works. *Id.* The *Entral* court went on to say that <u>if</u> the plaintiff sold any of the forfeited equipment, "should it be commercially reasonable to do so," then the net proceeds of the sale should be applied pro rata against the damages assessed against the defendants. *Id.* at *9. Like the *RSO* court, the *Entral* court offset damages by the proceeds from the sale of machinery and equipment used to create infringing copies of works, but not the sale or disposition of the infringing works themselves. *See id.*

The circumstances of this case are different from *RSO Records* and *Entral Group*. In this case, the Court has not ordered the defendants to turn over equipment or machinery capable of noninfringing use. If the Court had, for example, ordered the defendants to turn over their computers and any other equipment they used to make the plaintiffs' work available online without license, then an offset in the amount of the proceeds from the sale of those computers might be

*Response Memorandum Regarding Offset to Damages* (12-00991-JLR) - 4

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington 98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

appropriate. Here, no such equipment was turned over and none of the books or materials, which contain defendants' branding and advertising, can be used without augmenting the damage already caused by the defendants' actions. Ordering the plaintiffs to sell books and materials that bear the branding and advertising of the infringer alongside the plaintiffs' work would only create consumer confusion regarding the publishing rights in the books and exacerbate the plaintiffs' injury.

The solution offered by the court in *Software Freedom* is a better fit. That case offers another example of "reasonable disposition" under 17 U.S.C. 503(b). *Software Freedom*, 2010 WL 2985320 at *1. In *Software Freedom*, plaintiff software developers prevailed against defendant electronics distributors that were distributing the plaintiffs' copyrighted software without a proper license. *Id.* The court, noting its broad discretion in granting an equitable remedy under 17 U.S.C. 503(b), ordered the defendant to deliver all infringing articles to the plaintiffs so that the infringing articles could be donated to charity. *Id.* at *4. The court noted that the donation of the infringing articles constituted a reasonable disposition that served to prevent future infringement. *Id.* The court ordered no offset to the damages assessed against the defendants for the value of the infringing items donated. *See id.*

The *Software Freedom* court's solution works well here. While forcing the sale of the books and materials would create additional injury to the plaintiffs, the plaintiffs see the complete destruction of 2,500 children's books—even despite the infringing nature of the books—as a wasteful act. The plaintiffs respectfully request that the Court allow the plaintiffs to donate the books for a non-profit or charitable purpose of the plaintiffs' choice, like the donation to Seattle Children's Hospital that the plaintiffs are currently investigating.

B.    **The Value Mr. Thompson Assigns to the Books and Materials Is Grossly Overstated.**

As the Court noted in its November 21, 2013 order, Mr. Thompson asserts that the value of the books and other materials totals $7,329.52. (9/6/13 Thompson Decl. (Dkt. # 53) at 9.) The Court states that Mr. Thompson's valuation of the returned books and other materials is

*Response Memorandum Regarding Offset to Damages* (12-00991-JLR) - 5

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

"conclusory, self-serving, and devoid of any supporting documentation." (11/21/13 Order at 28 n.9.) For example, Mr. Thompson places a $.25 value on each of 480 surplus book covers (without books in them). (*See* 8/26/13 Thompson Decl. Attach. 19 (Dkt. # 51-15).) Mr. Thompson charges the defendants $.23 for shipping and handling for more than 2,500 books, totaling nearly $600, despite the fact that the books were retrieved by representatives of the plaintiffs at some cost to the plaintiffs. (*See id.*; Curtis Decl. ¶ 2.) Mr. Thompson assigns a value of more than $1,600 to a CD that contains scans of a printed version of one of the books, and nearly $1,000 for 14 color transparencies from another. (8/26/13 Thompson Decl. Attach. 19; Curtis Decl. ¶ 7.)

Mr. Thompson offers no evidence that a commercially reasonable sale of the books and materials could gather $7,329.52. Moreover, sale of these items would only exacerbate the harm created by the defendants' infringement by creating consumer confusion regarding the rightful publisher of the books. No offset to the damages assessed against the defendants is necessary.

## V.   CONCLUSION

No offset to the damages assessed against the defendants is necessary. The plaintiffs will not reap financial benefit from the books and materials turned over as part of the Court's earlier injunction because the plaintiffs intend to donate the materials to charity. Moreover, an order to sell the books and materials, which contain extensive branding and advertising for the defendant infringers, would create consumer confusion as to the current publisher of the plaintiffs' work and would exacerbate the plaintiffs' injury.

DATED this 27th day of November, 2013.

HILLIS CLARK MARTIN & PETERSON P.S.

By   *s/ Kurt E. Kruckeberg*
Amit D. Ranade, WSBA #34878
Kurt E. Kruckeberg, WSBA# 44246
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
adr@hcmp.com; kek@hcmp.com
Attorneys for Plaintiffs
Chara Curtis, Cynthia Aldrich & Alfred Currier

ND:  99684.002  4833-6372-2263v1

*Response Memorandum Regarding Offset to Damages* (12-00991-JLR) - 6

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Matthew R King
> matthewrkinglaw@hotmail.com
>
> John M. Thompson
> jthompson@illumin.com
>
> Kimmie Lynn Thompson
> jthompson@illumin.com

DATED this 27th day of November, 2013 at Seattle, Washington.

By  *s/ Kurt E. Kruckeberg*
Kurt E. Kruckeberg, WSBA# 44246
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789
E-Mail: kek@hcmp.com

*Response Memorandum Regarding Offset to Damages* (12-00991-JLR) - 7

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington   98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789