UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARA CURTIS, et al.,

Plaintiffs,

v.

ILLUMINATION ARTS, INC., et al.,

Defendants.

CASE NO. C12-0991JLR

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO WITHDRAW

## I. INTRODUCTION

Before the court is Defendants' counsel's second motion to withdraw from representation of Defendants Illumination Arts, Inc. ("IAI"), Illumination Arts Publishing, LLC ("IAP"), John M. Thompson, and Kimmie Lynn Thompson. (2d Mot. to Withdraw (Dkt. # 61).) ). Having reviewed the motions, all submissions filed in support of and opposition thereto, the balance of the record, and the applicable law, the court grants in part and denies in part the motion. The court has already granted Mr. Thompson and Ms. Thompson leave to appear pro se. (1/10/14 Order (Dkt. # 65) at 3.)

Accordingly, the court grants Defendants' counsel's request to withdraw his representation of Mr. Thompson and Ms. Thompson. However, for the reasons described below, the court denies Defendants' counsel's request to withdraw his representation of the business entities, IAI and IAP.

## II. BACKGROUND

On June 8, 2012, Plaintiffs Chara Curtis, Cynthia Aldrich, and Alfred Currier filed a complaint alleging that Defendants breached their publishing contract and infringed their copyrights. (*See generally* Compl. (Dkt. # 1).) Defendants Mr. and Ms. Thompson initially filed notices of appearance to appear pro se. (*See* Mr. Thompson Not. of App. (Dkt. # 7); Ms. Thompson Not. of App. (Dkt. # 8).) Then, on July 25, 2012, Mr. Matthew King took over as counsel for all defendants. (*See* King Not. of App. (Dkt. # 12).)

In response to Plaintiffs' first motion for partial summary judgment (SJ Mot. (Dkt. # 22)), the court ruled that Defendants IAI and IAP are liable to Plaintiffs for breach of contract.[1] (*See* 5/29/13 Order (Dkt. # 29) at 10, 13.) The court declined to pierce the corporate veil with respect to Mr. Thompson's and Ms. Thompson's personal liability. (*Id.* at 18-19.) The court also ruled that all Defendants were liable for willful copyright infringement. (*Id.* at 19-23.) Based on the foregoing, the court granted Plaintiffs a permanent injunction and ordered Defendants to return to Plaintiffs all infringing copies

[1] The court ruled that IAP is liable for IAI's breach of contract because it is a mere continuation of IAI and both entities will be subject to the same liability with respect to Plaintiffs' claims because the corporate veil between IAI and IAP has been pierced. (*Id.* at 13, 18.)

of Plaintiffs' books. (*Id.* at 23-24.)

In response to Plaintiffs' second motion for partial summary judgment (2d SJ Mot. (Dkt. # 30)), the court ruled that Mr. Curtis was underpaid $5,790.84 in royalty payments. (*See* 7/18/13 Order (Dkt. # 43) at 9.) The court reserved judgment on the contract damages of Ms. Aldrich and Mr. Currier. (*See id.* at 9-10.) The court also reserved judgment on Plaintiffs' request for an award of maximum statutory damages for Defendants' willful copyright infringement. (*See id.* at 14.) Finally, the court struck the trial date. (*Id.* at 21.)

In response to Plaintiffs' third motion for sanctions and summary judgment (3d SJ Mot. (Dkt. # 45)), the court pierced the corporate veil between IAI and IAP, on one hand, and Mr. Thompson, on the other, issued an order to show cause with respect to its prior ruling on partial summary judgment concerning the amount of Mr. Curtis's contract damages, entered default against Defendants with respect to Plaintiffs' claims for breach of contract and copyright infringement, reserved ruling on Plaintiffs' request for maximum statutory damages on their copyright infringement claims and damages for other claims until after an evidentiary hearing on damages pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), and granted Plaintiffs' request for reasonable attorney's fees and expenses. (11/21/13 Order (Dkt. # 55).)

Mr. King filed his first motion to withdraw on August 23, 2013, three days prior to filing the Defendants' response to Plaintiffs' third motion for sanctions and summary judgment. (*See* Mot. to Withdraw (Dkt. # 54).) The court denied this motion (without prejudice to re-filing) because Mr. King failed to adhere to the court's Local Rules,

including the Rules (1) requiring the submission of factual support, such as an affidavit or declaration, if the motion requires consideration of facts not in record and (2) regarding the format for electronic signatures. (*See generally* 10/22/13 Order (Dkt. # 54) at 3 n.2 (citing Local Rules W.D.Wash., LCR 83.2(b)(3), LCR 7(b)(1), LCR 11(a), W.D. Wash. Electronic Filing Procedures for Civil and Criminal Cases § III(L)).) In addition, the court counseled that compliance with the Local Rules does not guarantee that the court will grant a motion to withdraw and that it considers a variety of factors before granting such a motion. (*Id.* at 3-4.)

Following further submissions from the parties, the court initially set the evidentiary hearing on damages referenced in its November 21, 2013, order for April 4, 2014. (1/10/14 Order at 5.) However, following a motion to modify the schedule by Mr. Thompson and Ms. Thompson (Dkt # 67), the court rescheduled the evidentiary hearing for April 30, 2014. (1/23/14 Order (Dkt. # 71).) As a part of its January 10, 2014, order, the court also granted the Thompson's request to proceed pro se in this litigation. (1/10/14 Order at 3.)

Mr. King filed his second motion to withdraw from representation of Defendants on January 6, 2014. (*See* 2d Mot. to Withdraw.) Mr. King's second motion to withdraw is virtually identical to his first. (*Compare* Mot. to Withdraw *with* 2d Mot. to Withdraw.) Mr. King requests that he be permitted to withdraw because "Defendants, [sic] have terminated the legal service contract between the parties effective immediately." (2d Mot. to Withdraw at 1.) In addition, he states that he has "explained to Defendants that all business entities are required by law to be represented by an attorney admitted to

practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in . . . entry of default against the business entity as to any claim of other parties." (*Id.* at 1-2.) Mr. King submits no declaration or affidavit providing evidence of this fact (*see generally* Docket), and his signature upon the motion itself simply states "/s/", which is not compliant with the court's Local Rules for electronic signatures. *See* W.D. Wash. Electronic Filing Procedures for Civil and Criminal Cases § III(L); *see also* Local Rules W.D. Wash., LCR 11(a).

In addition, although Mr. Thompson confirms that Mr. King was discharged from representing both of the Thompsons personally, Mr. Thompson disputes Mr. King's assertion that he was also discharged from representing IAI and IAP. (*See* Thompson Resp. (Dkt. # 68); *see also* Thompson Amend. Decl. (Dkt. # 53) ¶ 25; Thompson Decl. (Dkt. # 51) Ex. 2 at 1, Ex. 3 at 1, Ex. 11 at 1 ("Please note that this does not discharge you from your duty to provide professional services on behalf of [IAI] and [IAP] . . . .").) Mr. King has not provided any factual support for his assertion, and the Thompsons only concede that they discharged Mr. King from representing them personally.

## III. ANALYSIS

Western District of Washington Local Rule LCR 83.2(b) provides that "no attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court." Local Rules W.D. Wash. LCR 83.2(b)(1). To request withdrawal, counsel must file a motion including "a certification that the motion was served on the client and opposing counsel." *Id.* As discussed above, the court has granted the Thompson's request to proceed pro se, and so the court grants Mr. King's motion to withdraw his

representation of the Thompsons.

The court's analysis of Mr. King's motion with respect to the business entites, IAI and IAP, however, is different. If withdrawal will leave a business entity unrepresented,[2] counsel must certify that:

> [H]e or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

Local Rules W.D. Wash. LCR 83.2(b)(3).

Just like his first motion, Mr. King's second motion to withdraw fails to fully comply with Local Rule LCR 83.2(b)(3). *See id*. Although Mr. King claims to have "explained to [his corporate clients] that all business entities are required by law to be represented by an attorney . . ." and the consequences of failing to obtain replacement counsel (*see* 2d Mot. to Withdraw at 1-2), Mr. King has not provided any factual support for this assertion (*see generally id.*). *See* Local Rules W.D. Wash. LCR 7(b)(1) ("If the motion requires consideration of facts not appearing of record, the movant shall also serve and file copies of all affidavits, declarations, photographic or other evidence presented in support of the motion."). Mr. King did not provide a declaration in support of his assertions. (*See generally* 2d Mot. to Withdraw.)

---

[2] While individuals and sole proprietorships may appear in court pro se, "a business entity . . . must be represented by counsel." Local Rules W.D. Wash. LCR 83.2(b)(3).

In addition, however, even Mr. King's signature on his motion does not certify the truth of his statement as an officer of the court because his signature does not conform to the court's Local Rules and other requirements. The electronic signature standard for the local electronic filing procedures requires the format of "s/Name" for electronic signatures. *See* Local Rules W.D. Wash. LCR 11(a); W.D. Wash. Electronic Filing Procedures for Civil and Criminal Cases § III(L). Mr. King's signature, however, appears simply as "/s/". (*See* 2d Mot. to Withdraw at 2.) Thus, Mr. King's signature does not comply with the court's required format, and his motion, therefore, is unsigned.

This same problem with Mr. King's signature occurred on Mr. King's first motion to withdraw and was identified and explained by the court. (*See* 10/22/13 Order at 3 n.2.) Nevertheless, Mr. King filed a second motion to withdraw containing some of the same deficiencies as his first motion. (*Compare* Mot. to Withdraw *with* 2d Mot. to Withdarw.) Thus, Mr. King still has not satisfied the technical requirements of Local Rule LCR 83.2(b).

In addition, in its order denying his first motion to withdraw, the court noted that even technical compliance with the court's Local Rules would not necessarily guarantee that the court would grant a motion to withdraw. (*Id.* at 3-4.) "[T]he trial court retains wide discretion in a civil case to grant or deny [a] motion to withdraw." *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010) (citing *Le Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir.1998); *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir. 1986)). The court noted various factors that it considers when evaluating a motion to withdraw, including (1) the reasons why

withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. (10/22/13 Order at 4 (citing *Bohnert*, 2010 WL 5067695, at *2 and *In re Ryan*, No. 08–6250–HO, 2008 WL 4775108, at *3 (D. Or. Oct. 31, 2008).) The court considers those factors now.

Even if Plaintiffs' counsel's stated reasons for seeking withdrawal are valid, the other factors the court considers weigh against granting the motion. Unlike the Thompsons, neither IAI not IAP may appear pro se in this litigation. "A business entity, except a sole proprietorship, must be represented by counsel." W.D. Wash. Local Rule GR 2(g)(4)(B). Further, the court is skeptical of IAI's and IAP's ability to find replacement counsel given the present posture of the case and public nature of Defendants' dispute with their counsel. (*See, e.g.*, Dkt. # 68.) Defendants' counsel's motion to withdraw from IAP's and IAI's representation threatens to prejudice IAI and IAP and cause significant delays at a time when the litigation is nearly at an end. Such delays at this point in the proceeding would prejudice the Plaintiffs as well and harm the administration of justice. After all, the evidentiary hearing with respect to Plaintiffs' motion for default judgment is scheduled for April 30, 2014. (1/23/14 Order at 1-2.) There should be very little left to the litigation following this one-day hearing. Even if the court were to credit counsel's reasons for his desire to withdraw from representing IAI and IAP, the other factors the court considers weigh against withdrawal. The court, therefore, is unable to conclude that it can reasonably permit counsel to withdraw from representation of IAI and IAP at this point in the litigation. Accordingly, in addition to

the technical deficiencies noted above, the court must deny Defendants' counsel's motion with respect to IAP and IAI for the foregoing substantive reasons as well.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part Defendants' counsel's motion to withdraw his representations (Dkt. # 61). The court GRANTS the motion with respect to Mr. Thompson and Ms. Thompson, but DENIES the motion with respect to IAI and IAP.

Dated this 11th day of February, 2014.

JAMES L. ROBART
United States District Judge