UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARA CURTIS, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ILLUMINATION ARTS, INC., et al.,<br><br>　　　　　　Defendants. | CASE NO. C12-0991JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.　INTRODUCTION

Before the court is pro se Defendant John M. Thompson's second motion for reconsideration (Mot. (Dkt. ## 72 (sealed), 74 (redacted)) of the court's November 11, 2013, order, which, among other matters, granted Plaintiffs' motion to pierce the corporate veil between Defendants Illumination Arts, Inc. ("IAI") and Illumination Arts Publishing, LLC ("IAP"), on the one hand, and Mr. Thompson, on the other (11/21/13 Order (Dkt. # 55) at 16-24). Mr. Thompson asks the court to reconsider this ruling. (*See*

ORDER- 1

Mot. at 1-2.) The court has reviewed Mr. Thompson's motion, the record, and the applicable law. Being fully advised, the court denies Mr. Thompson's motion.

## II. BACKGROUND

On June 8, 2012, Plaintiffs Chara Curtis, Cynthia Aldrich, and Alfred Currier filed a complaint alleging that Defendants breached their publishing contract and infringed their copyrights. (*See generally* Compl. (Dkt. # 1).) In response to Plaintiffs' first motion for partial summary judgment (SJ Mot. (Dkt. # 22)), the court ruled that Defendants IAI and IAP are liable to Plaintiffs for breach of contract.[1] (*See* 5/29/13 Order (Dkt. # 29) at 10, 13.) The court declined to pierce the corporate veil with respect to Mr. Thompson's and Ms. Thompson's personal liability. (*Id.* at 18-19.) The court also ruled that all Defendants were liable for willful copyright infringement. (*Id.* at 19-23.) Based on the foregoing, the court granted Plaintiffs a permanent injunction and ordered Defendants to return to Plaintiffs all infringing copies of Plaintiffs' books. (*Id.* at 23-24.)

In response to Plaintiffs' second motion for partial summary judgment (2d SJ Mot. (Dkt. # 30)), the court ruled that Mr. Curtis was underpaid $5,790.84 in royalty payments. (*See* 7/18/13 Order (Dkt. # 43) at 9.) The court reserved judgment on the contract damages of Ms. Aldrich and Mr. Currier. (*See id.* at 9-10.) The court also denied summary judgment on Plaintiffs' request for an award of maximum statutory damages for Defendants' willful copyright infringement, reserving this issue for the jury. (*See id.* at

---

[1] The court ruled that IAP is liable for IAI's breach of contract because it is a mere continuation of IAI and both entities will be subject to the same liability with respect to Plaintiffs' claims because the corporate veil between IAI and IAP has been pierced. (*Id.* at 13, 18.)

ORDER- 2

14.) Finally, the court denied Plaintiffs' motion for sanctions involving the entry of factual findings adverse to the Thompsons or default judgment, but granted other additional sanctions against Defendants for their failure to fully abide by the court's prior order on discovery. (*Id.* at 15-21.) The court also struck the trial date to avoid further prejudice to Plaintiffs as a result of Defendants' obstreperous conduct. (*Id.* at 21.)

In response to Plaintiffs' third motion for sanctions and summary judgment (3d SJ Mot. (Dkt. # 45)), the court pierced the corporate veil between IAI and IAP, on one hand, and Mr. Thompson, on the other. (11/21/13 Order at 16-24.) Although both Mr. Thompson and his counsel at the time filed declarations opposing the motion, neither of these declarations was signed. (*Id.* at 19.) Consequently, the court declined to consider them. (*Id.*) Mr. Thompson ultimately filed a second signed declaration one week after the noting date for the motion that was different from his first declaration. (*Id.* at 20 (citing 9/6/13 Thompson Decl. (Dkt. # 53)).) The court declined to consider this declaration either because it was untimely and granted Plaintiffs' motion on partial summary judgment piercing IAI's and IAP's corporate veils with respect to Mr. Thompson. (*Id.* at 20-21.)

Nevertheless, the court explained that even if it did consider Mr. Thompson's second untimely declaration, the result would be no different. (*Id.* at 22-24.) Plaintiffs had provided documentation that Mr. Thompson had dissipated corporate assets, and Mr. Thompson had admitted that some of his activities might technically qualify as commingling (9/1/13 Thompson Decl. at 11). The court ruled that, in light of this evidence, Mr. Thompson's bald assertions that his practices had done no harm to IAI,

IAP, or Plaintiffs were insufficient to create a genuine issue of material fact. (11/21/13 Order at 22-24.) The court explained that this was particularly so because all of the records necessary to support his stance were, or should have been, within his control. (*Id.* at 22-23.) Yet, he failed to provide them to the court and failed to explain why. (*Id.*) In light of these facts, Mr. Thompson's late-filed, self-serving declaration, which was devoid of any supporting evidence, failed to create a genuine issue of fact. (*Id.* at 23-24.)

In addition to the foregoing, the court also (1) issued an order to show cause with respect to its prior ruling on partial summary judgment concerning the amount of Mr. Curtis's contract damages, (2) entered default against Defendants with respect to Plaintiffs' claims for breach of contract and copyright infringement, (3) reserved ruling on Plaintiffs' request for maximum statutory damages on their copyright infringement claims and damages for other claims until after an evidentiary hearing on damages pursuant to Federal Rule of Civil Procedure 55(b)(2)(B), and (4) granted Plaintiffs' request for reasonable attorney's fees and expenses. (*See generally* 11/21/13 Order (Dkt. # 55).)

On January 10, 2014, following additional submissions from the parties, the court entered an order concerning the conduct and timing of the evidentiary hearing referenced in its November 21, 2013, order. (1/10/14 Order (Dkt. # 65).) In addition, the court liberally construed one of the Thompsons' prior pro se filings (1/2/14 Thompson Decl. (Dkt. # 59)) as a request to proceed pro se and granted it (1/10/14 Order (Dkt. # 65) at 3-4).

ORDER- 4

On January 6, 2014, the Thompsons filed another pro se declaration (1/6/14 Thompson Decl. (Dkt. #63)), which the court liberally construed as their first motion for reconsideration of its November 21, 2013, order. (1/10/14 Order (Dkt. # 66) at 1.) The Thompsons asked the court to reconsider imposing sanctions against them, in part, for their failure to provide discovery and file certifications verifying that they had complied with the court's prior orders. (*Id.*) The court denied the Thompsons' motion as both untimely and because it did not show manifest error in the prior ruling or new facts or legal authority that could not have been brought to the attention of the court earlier with reasonable diligence. (*Id.* at 2-3 (citing Local Rules W.D. Wash., LCR 7(h)(1), (2)).)

On January 23, 2014, Mr. Thompson filed his second motion for reconsideration of the court's November 21, 2013, order. (*See generally* Mot.) In this motion, Mr. Thompson seeks reconsideration of the court's ruling piercing the corporate veil between IAI and IAP, on one hand, and Mr. Thompson, on the other. (*Id.*) He largely rehashes arguments that he previously made in response to Plaintiffs' third motion for sanctions and partial summary judgment. (*Compare* Mot. *with* 9/6/13 Thompson Decl. (Dkt. # 53) at 9-11.) However, unlike his prior submissions in response to Plaintiffs' third motion for sanctions and partial summary judgment, Mr. Thompson submits a variety of documents with his second motion for reconsideration, which he states verify his prior bald assertions concerning his use of corporate funds. (*See generally* Mot.)

### III. ANALYSIS

Pursuant to the court's Local Rules, a motion for reconsideration must be filed "within fourteen days after the order to which it relates is filed." Local Rules W.D.

ORDER- 5

Wash. LCR 7(h)(2). Failure to comply with this schedule "may be grounds for denial of the motion." *Id.* The court's order to which Mr. Thompson's motion relates was filed on November 21, 2013. (*See generally* 11/21/13 Order.) Mr. Thompson's second motion for reconsideration, which was filed on January 23, 2014, more than two months after the court's order, is therefore untimely under the court's Local Rules.

Mr. Thompson, however, asserts that he could not file his motion any earlier because the court only granted him pro se status as of January 10, 2014. (Mot. at 1 (citing 1/10/14 Order).) The court finds this excuse to be disingenuous. Mr. Thompson filed numerous pro se documents prior to the court's January 10, 2014, order granting him pro se status. (*See, e.g.*, 1/2/14 Thompson Decl. (Dkt. # 59); 1/3/14 Thompson Decl. (Dkt. # 60); 1/6/14 Thompson Decl. (Dkt. # 63).) In any event, Mr. Thompson does not explain why he did not seek pro se status earlier in the litigation so that he could timely file pro se documents in conformity with the court's Local Rules. *See* Local Rules W.D. Wash, LCR 83.2(b)(4). After all, he has acknowledged discharging his attorney from his personal representation as early as August 21, 2013. (*See* 1/13/14 Thompson Decl. (Dkt. # 68) at 3.)

Even if, however, the court were to consider the substance of Mr. Thompon's untimely motion, it would not reconsider its prior order. "Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). The court will ordinarily deny such motions in the absence of (1) "a showing of manifest error in the prior ruling" or (2) "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Mr. Thompson has made neither showing

required by the court's Local Rules. He presents no new legal authority for the court's consideration. He does present new documentation, but never explains why, with reasonable diligence, he could not have submitted this documentation to the court earlier or while Plaintiffs' third motion for sanctions and partial summary judgment was pending. If anything, Mr. Thompson's months-late presentation of this material, without any explanation as to its late timing, simply demonstrates his continued disregard for the court's schedules and deadlines, which he has repeatedly demonstrated throughout this litigation. Consequently, the court cannot conclude that he has shown manifest error in the court's prior ruling, and therefore denies his second motion for reconsideration.

## IV.  CONCLUSION

Based on the foregoing, the court DENIES Mr. Thompson's second motion for reconsideration (Dkt. ## 72, 74) of its November 21, 2013, order.

Dated this 12th day of February, 2014.

JAMES L. ROBART
United States District Judge