UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARA CURTIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ILLUMINATION ARTS, INC., et al.,<br><br>Defendants. | CASE NO. C12-0991JLR<br><br>ORDER ON DEFENDANTS' MOTIONS TO RECONSIDER AND FOR SANCTIONS |

## I.  INTRODUCTION

Before the court are two motions of Defendants John Thompson and Kimmie Lynn Thompson ("the Thompsons"):  (1) Motion for Sanctions and a New Hearing (Mot. for Sanc. (Dkt. # 93)), and (2) Motion to Reverse Summary Judgment on Willful Infringement (Mot. for Recon. (Dkt. # 94)).  The court liberally construes the Thompsons' first motion as a motion to reopen the April 30, 2014, hearing on Plaintiffs' motion for default judgment.  The court liberally construes the Thompsons' second motion as either a motion to reconsider under the court's Local Rules or as a motion

ORDER- 1

under Federal Rule of Civil Procedure 59(e) to alter or amend the partial summary judgment ruling that the court issued more than a year ago on May 29, 2013, with regard to Defendants' willful infringement of Plaintiffs' copyrights. The court has reviewed both motions, Plaintiffs' response to the Thompsons' motion for sanctions and a new hearing (Resp. (Dkt. # 95)), the balance of the record, and the applicable law. Being fully advised, the court DENIES both motions.

## II. BACKGROUND

On June 28, 2012, Plaintiffs Chara Curtis, Cynthia Aldrich, and Alfred Currier filed a complaint alleging that Defendants Illumination Arts, Inc. ("IAI"), Illumination Arts Publishing, LLC ("IAP"), Mr. Thompson, and Ms. Thompson willfully infringed their copyrights with respect to three children's books and breached their publishing contracts. (*See generally* Compl. (Dkt. # 1).) Due to Defendants' obstreperous conduct during discovery and repeated failure to timely comply with the court's discovery orders, the court sanctioned Defendants on three separate occasions and ultimately entered default against them due to their extraordinary misconduct in discovery and the prejudice their misconduct inflicted upon Plaintiffs. (*See* 2/20/13 Order (Dkt. # 19) at 6, 8; 7/18/13 Order (Dtk. # 43) at 17-18; 11/21/13 Order (Dkt. # 55) at 37.)

On April 30, 2014, the court held a hearing with respect to Plaintiffs' request for the entry of default judgment and a determination of damages pursuant to Federal Rule of Civil Procedure 55. (*See* Min. Entry (Dkt # 92).) The court heard testimony from Ms. Curtis, Ms. Alrich, Mr. Currier, and Mr. Thompson. (*Id.*) The court gave each Defendant the opportunity to present evidence and an opportunity to cross-examine

Plaintiffs. Mr. Thompson and the corporate Defendants presented evidence through the testimony of Mr. Thompson and cross-examined Plaintiffs. Ms. Thompson declined to present evidence or cross-examine witnesses but did present a closing argument to the court.

The Thompsons' first motion seeks the reopening of the April 30, 2014, default judgment hearing to present additional evidence. (*See* Mot. for Sanc. at 2.) The motion also seeks the imposition of sanctions against Plaintiffs and their counsel for allegedly false statements made at the hearing. (*See id.*) The Thompsons assert that Ms. Curtis made false statements concerning her attempts to find new a new publisher for the children's books at issue. They also allege Plaintiffs' counsel made false statements when he objected to an exhibit proffered by Mr. Thompson consisting of a spreadsheet of sales for all three books from 2007 to 2013. The Thompsons assert that Plaintiffs' counsel dissembled when he objected that he had never seen the spreadsheet before. The court declined to admit the spreadsheet, but permitted Mr. Thompson to use the spreadsheet as notes during his testimony and to place all of the information contained on the spreadsheet into evidence through his testimony.

The Thompsons also complain that Ms. Curtis failed to reveal that Plaintiffs "have been selling E-book versions of all three books since the fall of 2011." (Mot. for Sanc. at 1.)[1] In support of this assertion, the Thompsons attach copies of web-pages from

---

[1] The Thompsons' motion actually states that Ms. Curtis failed to reveal that "Defendants have been selling E-book versions of all three books since the fall of 2011." (Mot. for Sanc. at 1.) The court, however, views that the statement in the context of the Thompsons' entire motion

ORDER- 3

Amazon, Barnes & Noble, Kobo, and Smashwords, which appear to show the availability of electronic versions of all three books for sale. (*Id.*) The Thompsons also assert that these pages demonstrate, contrary to Ms. Curtis's testimony, that the price of the books has risen dramatically and that one of the books is now being sold for between $26.80 and $168.34. (*Id.*) They assert that this evidence indicates that demand for the books is high. Based on this evidence, the Thompsons assert that Ms. Curtis's testimony that Plaintiffs were unable to obtain a new publisher in part due to the deflated value of the books below the list price of $15.95 was false. (*Id.* at 2.) Based on the foregoing, the Thompson's seek a reopening of the default judgment hearing and the imposition of sanctions against Plaintiffs and Plaintiffs' counsel. (*Id.*)

Prior to entering default, the court also issued a series of orders on partial summary judgment. (*See, e.g.*, Dkt. ## 29, 43, 55.) On May 29, 2013, the court ruled that all Defendants were liable for willful copyright infringement. (5/29/13 Order (Dkt. # 29) at 19-23.) The court based this ruling on Defendants' responses to Plaintiffs' requests for admission in which they (1) admitted that Plaintiffs owned valid copyrights to the books in question, (2) admitted that Plaintiffs terminated the publishing contracts, and therefore any right to reproduce, distribute or display the books, and (3) admitted that they reproduced and distributed the books after Plaintiffs terminated the publishing agreements and Defendants' license to do so. (*See id.*) In addition, however, the court's subsequent order granting default against Defendants on Plaintiffs' third motion for

---

and assumes that their use of the word "Defendants" here, which would refer to themselves, is in error and that they actually intended to use the word "Plaintiffs."

sanctions provided an alternate basis for Defendants' liability for willful copyright infringement. (*See* 11/21/13 Order at 29-40; *see also* 4/15/14 Order (Dkt. # 89) at 12.)

In their second motion, the Thompsons seek the court's reconsideration of the court's May 29, 2013, ruling on partial summary judgment that Defendants are liable for willful copyright infringement. (*See generally* Mot. for Recon.) The Thompsons argue that their responses to Defendants' requests for admission were drafted by their former lawyer and were in error. (Mot. for Recon. at 2.) They now say that their prior admission to reproducing, distributing, and displaying the books in question after Plaintiffs terminated the publishing agreements and Defendants' license was incorrect. (*Id.*) They assert that their former attorney made an error when he drafted their responses to discovery requests admitting the foregoing conduct. (*Id.*) They also assert that their prior attorney should have limited their responses to Plaintiffs' requests for admissions solely to the corporate defendants, IAI and IAP, and excluded Mr. Thompson and Ms. Thompson from the admissions. (*Id.*) Finally, they assert that (1) their contract with Plaintiffs permitted them to resell all the copies they had on hand even after Plaintiffs had terminated the publishing contracts, and (2) they obtained the opinion of an attorney at the time who advised them that they could sell the copies they presently possessed even after termination of the publishing contracts if the authors did not repurchase them at cost.[2] (*Id.* at 3.) The Thompsons do not explain, however, how the court's

---

[2] In support of their arguments, Mr. Thompson and Ms. Thompson submit copies of their correspondence with their former attorney in this litigation, as well as correspondence with the

reconsideration of any of the foregoing rulings on partial summary judgment would alter the result here in light of the court's ruling granting default against them due to their obstreperous conduct in discovery and repeated failure to timely comply with this court's orders.

Plaintiffs filed a response to the Thompsons' motion to reopen the April 30, 2014, hearing and for sanctions. (*See generally* Resp.) Plaintiffs did not file a response to the Thompsons' motion to reconsider portions of the court's May 29, 2013, rulings on partial summary judgment. (*See generally* Dkt.; *see also* Resp. at 2, n.1.) Under the court's Local Rules, "[n]o response to a motion for reconsideration shall be filed unless requested by the court." *See* Local Rules W.D. Wash. LCR 7(h)(3). The court has not requested a response to the Thompson's motion to reconsider its May 29, 2013, rulings on partial summary judgment.

### III.  ANALYSIS

**A. The Thompsons' Motion for Sanctions and New Hearing**

The court liberally construes the Thompsons' first motion for a "new hearing" as a motion to reopen the default judgment hearing. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions[.]"). A motion to reopen a hearing to submit additional evidence lies within the discretion of the court. *See Berns v. Pan Am. World Airways, Inc.*, 667 F.2d 826, 829 (9th Cir. 1982); *Contempo Metal Furniture Co. of Cal. v. E. Tex.*

---

attorney they consulted following Defendants' termination of the publishing contracts. (*See* Mot. to Recon. Exs. A-D.)

*Motor Freight Lines, Co.*, 661 F.2d 761, 767 (9th Cir. 1981) ("A motion to reopen for additional proof is addressed to the sound discretion of the trial judge."); *Miller v. United States*, 813 F. Supp. 715, 726 (N.D. Cal. 1992).  In exercising its discretion, the court should take into consideration the nature of the proposed evidence and the effect of granting the motion, including prejudice to the opposing party.  *Id.* at 726-27 (citing *SEC v. Rogers*, 790 F.2d 1450, 1460 (9th Cir. 1986), *overruled on other grounds by Pinter v. Dahl,* 486 U.S. 622 (1988)).  The court acts within its discretion in denying a motion to reopen where the proffered evidence was "readily available" at the time of the hearing.  *See, e.g.*, *Merritt-Chapman & Scott Corp. v. Frazier*, 289 F.2d 849, 854 (9th Cir. 1961).  In addition, a court acts within its discretion in denying a motion to reopen where the proffered evidence "relate[s] to a collateral issue," is "primarily impeaching in character," or "tends only to affect the credibility of witnesses."  *Id.*

       The Thompsons have failed to meet the necessary standard for reopening the default judgment hearing.  As the court understands their motion they seek to reopen the hearing to introduce two types of evidence:  (1) copies of certain webpages which appear to depict the books at issue being offered for sale by various companies or individuals for a variety of prices, and (2) a spreadsheet concerning sales of the books between 2007 and 2013, which Mr. Thompson offered as an exhibit trial but the court declined to admit.

       The court will initially address the webpages.  First, the Thompsons have not demonstrated that the webpages they proffer in their motion were not readily available to them at the time of the April 30, 2014, hearing.  Indeed, they have not addressed this issue at all.  (*See generally* Mot. for Sanc.)  The court can discern no reason why the

ORDER- 7

Thompsons could not have obtained, prepared, and presented this evidence at the time of the April 30, 2014, hearing. Because this evidence was readily available at the time of the hearing, the court sees no justification for reopening the hearing now. *See, e.g.*, *Merritt-Chapman*, 289 F.2d at 854.

Second, the quality of the evidence that the Thompsons seek to admit does not warrant a reopening of the hearing. The Thompsons argue that the various snapshots of webpages that they have attached to their motion show that the cost of at least one of the books at issue "has already risen to levels dramatically higher than the $15.95 list price," and that the "price level indicates that there is a high level of demand" for the book. (Mot. for Sanc. at 2.) Even if the court were to assume that the snapshots are true and accurate images of the webpages and otherwise constitute admissible evidence, they do not demonstrate the facts asserted by Plaintiffs. All these documents demonstrate is that someone or some company offered to sell the books at issue for particular prices on the internet. The evidence does not demonstrate the Plaintiffs were offering the books through these various sellers, that the books were actually sold for the prices listed, or that the books are now in high demand. *See Miller*, 813 F. Supp. At 726 (court should consider the nature of the proposed evidence in exercising discretion on a motion to reopen). All the evidence shows, at best, is that the books in issue were offered for the prices listed—not that they were ever sold for these prices.

Third, the court finds that the additional delay that would be required if the court were to reopen the default judgment hearing to admit the webpages would result in undue prejudice to Plaintiffs. As the court has repeatedly noted, the Thompsons' failure to

ORDER- 8

timely abide by the rules pertaining to discovery in civil cases and their repeated failures to timely abide by the court's orders related to discovery has already resulted in prejudice to Plaintiffs. (*See, e.g.*, 7/18/13 Order (Dkt. # 43) at 17-18; 11/21/13 Order (Dkt # 55) at 35-36.) In addition, the court already granted one delay in the default judgment hearing to accommodate the Thompsons' schedule. (*See* 1/23/14 Order (Dkt. # 71).) Plaintiffs have already suffered numerous delays in the resolution of this case due to the Thompsons' conduct herein. Indeed, the trial of this case was originally scheduled to proceed on September 3, 2013. (Sched. Ord. (Dkt. # 15) at 1.) We are now nearly ten months past that date, and that delay has been occasioned exclusively by Defendants' conduct. Accordingly, the court finds that any further delay to reopen the default judgment hearing is unwarranted. *See Miller*, 813 F. Supp. at 726 (court should consider prejudice to the opposing party in exercising discretion on a motion to reopen).

Finally, the Thompsons indicate that they would use the webpages that are attached to their motion to impeach Ms. Curtis concerning her testimony regarding Plaintiffs' ability to find a new publisher or to sell electronic versions of the books at issue. (*See* Mot. for Sanc. at 1-2.) Evidence proffered for impeachment purposes or with respect to such a collateral issue does not warrant the reopening of the default judgment hearing. *See Merritt-Chapman*, 289 F.2d at 854. Based on all of the foregoing factors, the court declines to exercise its discretion to reopening the default judgment hearing and denies this aspect of the Thompsons' motion.

In addition to seeking the admission of certain webpages, the Thompsons seek the admission of "Exhibit C," which is a spreadsheet depicting sales of the three books at

ORDER- 9

issue from 2007 to 2013. Counsel for Plaintiffs objected to the admission of this exhibit at the default judgment hearing stating that he had never seen the information in Exhibit C before. The court ultimately declined to admit the exhibit but permitted Mr. Thompson to testify concerning all of the information contained in it. The Thompsons argue that Plaintiffs' counsel's statement that he had never seen Exhibit C before was false and that Mr. Thompson had produced the exhibit to Plaintiffs prior to the hearing. (Mot. for Sanc. at 2.) Plaintiffs' counsel, however, further explained that the version of the exhibit that Mr. Thompson proffered at the hearing was different from the document that Mr. Thompson had produced to Plaintiffs before the hearing. Plaintiffs' counsel objected that some of the numbers on the exhibit had been changed. The court notes that Mr. Thompson previously engaged in similar conduct when he submitted a signed version of his declaration to the court which had been altered from the previously submitted unsigned version of his declaration. (*See* 11/21/13 Order at 12-13; *compare* 8/26/13 J. Thompson Decl. (Dkt. # 51-1) (unsigned) *with* 9/6/13 J. Thompson Decl. (Dkt. # 53).)

Because Mr. Thompson had the opportunity to enter all of the information on the exhibit into evidence through his own testimony, the court finds no basis for reopening the hearing with respect to Mr. Thompson's proffered Exhibit C. Even if the court were inclined to revisit its ruling with respect to Exhibit C, which it is not, admission of the exhibit would not provide the court or the parties with any evidence or information not already in the record. Accordingly, the court DENIES the Thompsons' motion to reopen the April 30, 2014, default judgment hearing.

In addition to seeking a reopening of the hearing, the Thompsons' also moved for the imposition of sanctions upon Plaintiffs and Plaintiffs' counsel for making allegedly false statements during the hearing. (Mot. for Sanc. at 2.) The court has already addressed Ms. Curtis's testimony and the Thompsons' proffered evidence concerning her allegedly deceptive testimony and finds no basis for the imposition of sanctions. The Thompsons could have cross-examined Plaintiffs at the April 30, 2014, hearing with respect to the issues the Thompsons now assert were misrepresented by Plaintiffs at the hearing. They chose not to do so at the time. In addition, the court finds nothing in the conduct of Plaintiffs' counsel at the hearing that warrants the imposition of sanctions. If Mr. Thompson had informed the court at the time of the hearing that he had provided the spreadsheet to Plaintiffs' counsel prior to the hearing, the court could have assessed whether or not there was a disparity between the two documents. It is simply too late to raise the issue now. Further, despite Plaintiffs' counsel's objection, the court did permit Mr. Thompson to testify concerning all of the information contained in the spreadsheet. Nothing in the Thompsons' motion demonstrates any misconduct on the part of Plaintiffs or Plaintiffs' counsel that would warrant an imposition of sanctions. The court denies this aspect of the Thompsons' motion as well.

**B. The Thompsons' Motion for Reconsideration of the Court's Rulings on Partial Summary Judgment**

The court next considers the Thompsons' motion to "reverse" its prior ruling on partial summary judgment with respect to Defendants' willful copyright infringement. (*See generally* Mot. for Recon.) As noted above, the court liberally construes this motion

to be one for reconsideration under its Local Rules or to alter or amend its earlier partial summary judgment ruling regarding willful copyright infringement under Federal Rule of Civil Procedure 59(e).

Pursuant to the court's Local Rules, a motion for reconsideration must be filed "within fourteen days after the order to which it relates is filed." Local Rules W.D. Wash. LCR 7(h)(2). Failure to comply with this schedule "may be grounds for denial of the motion." *Id.* Even if timely, "[m]otions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). The court will ordinarily deny such motions in the absence of (1) "a showing of manifest error in the prior ruling" or (2) "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

The motion might also be construed as a Rule 59(e) motion. Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59 motion is ordinarily made only after entry of judgment. *See* 12 Moore's Federal Practice 59.13[3][c] (3d ed. 2013). Although it may seem unusual for a Rule 59(e) motion to be brought before entry of judgment, it is not prohibited by the Federal Rules. *See Larez v. City of L.A.*, 946 F.2d 630, 636 (9th Cir. 1991) ("[W]hile it is true that the officers filed their new trial motion before entry of judgment, nothing in Fed. R. Civ. P. 59 prohibits early filings.").

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of*

*Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotation marks omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation marks and citation omitted); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (stating that Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

There are four grounds upon which a Rule 59(e) motion may be granted: 1) to correct manifest errors of law or fact upon which the judgment is based; 2) on the basis of newly discovered or previously unavailable evidence; 3) to prevent manifest injustice; or 4) on the basis of an intervening change in controlling law. *Turner*, 338 F.3d at 1063. Demonstrating one of these four reasons for reopening a judgment is a "high hurdle." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Judgment is not properly altered or amended "absent highly unusual circumstances." *Id*. The Thompsons have not raised any newly discovered evidence or a change or error in the law. Their motion is based on the existence of a manifest error of fact or the prevention of a manifest injustice. As such the standard the court considers if the Thompsons' motion is brought under the court's Local Rule 7(h) or under Rule 59(e) is virtually the same. The Thompsons must show a manifest error of fact or manifest injustice in the prior ruling. As discussed below, the court concludes that the Thompsons have met neither standard.

First, if the Thompsons' motion is brought pursuant to the court's Local Rules, it is significantly untimely. Rule 7(h)(2) requires parties to bring motions for

ORDER- 13

reconsideration within fourteen days after the order to which it relates is filed. Local Rules W.D. Wash. LCR 7(h)(2). By bringing their motion more than one year after the court's order to which it relates, Plaintiffs would be in gross violation of this provision. Failing to file a motion for reconsideration in a timely manner "may be grounds for denial of the motion." *See id.* If the Thompsons' motion is brought pursuant to the court's Local Rules, then the court denies it on this basis.

In any event, the Thompsons have not explained why they could not have brought the information contained in their motion to the court's attention earlier. Local Rule LCR 7(h)(1) requires litigants to show why the evidence relied upon "could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). A Rule 59(e) motion also requires that the evidence the movant relies upon was previously unavailable. *See Turner*, 338 F.3d at 1063. The Thompsons have been representing themselves pro se since January 10, 2014. (1/10/14 Order (Dkt. # 65) at 3.) They certainly knew about their prior attorney's alleged errors with respect to their responses to Plaintiffs' requests for admission at that time. Indeed, Mr. Thompson asserts that he sent an email to his former attorney the day after the court's May 29, 2013 order discussing this issue. (*See* Mot. for Recon. at 2.) Yet, the Thompsons did not move for reconsideration of this issue until more than a year following the date of the order and more than five months after they became pro se litigants. (*See generally id.*) They never explain this delay, and the court finds that this delay is sufficient grounds to deny their motion under either the Local Rule or Rule 59(e).

ORDER- 14

Setting aside the Thompsons' delay in bringing their motion, the court is also not persuaded that the alleged errors of the Thompsons' counsel, even if true, warrant reconsideration of the court's prior order. As discussed above, under the court's Local Rule or Rule 59(e), the Thompsons must show either "manifest error" or "manifest injustice" in the prior order. *See* Local Rules W.D. Wash. LCR 7(h)(1); *Turner*, 338 F.3d at 1063. The Thompsons assert that some of the responses their former lawyer submitted to Plaintiffs' requests for admission were in error. The court notes, however, that parties are ordinarily bound the representations of their counsel, and having voluntarily chosen their counsel, they "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *See Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . ." *Id.* Although the Thompsons may have an action for malpractice if their allegations are true, the court is disinclined to revisit a year-old summary judgment ruling on this basis. Such a result, over a year after the order was entered, would almost certainly inflict more prejudice on Plaintiffs.

More importantly, however, the Thompsons never explain how the result in this case would be any different even if the court were to revisit its order granting partial summary judgment on the issue of willful copyright infringement. In addition to granting partial summary judgment on the issue, the court also entered an order of default with respect to the same issue due to the Thompsons' obstreperous conduct in discovery and repeated violations of court orders. The court's order granting default provides an

alternate basis for the Thompsons' liability on the issue of willful copyright infringement. The court has already denied Ms. Thompson's motion to reconsider the court's entry of default. (*See* 4/15/12 Order (Dkt. # 89).) Even if the court were to revisit its partial summary judgment ruling on this issue, the Thompson's liability would remain due to the court's entry of default as a sanction against them. Thus, the Thompsons have failed to show that any manifest error or injustice will occur if their motion to reconsider the court's prior partial summary judgment order is not granted. Accordingly, the court concludes that the Thompsons have failed to meet any of the criteria necessary for reconsidering the court's prior partial summary judgment order and that resort to this extraordinary remedy is not warranted.

## IV. CONCLUSION

Based on the foregoing, the court DENIES the Thompsons' motion for sanctions and for a new hearing (Dkt. # 93) and the Thompsons' motion to "reverse" or reconsider the court's ruling on partial summary judgment concerning willful copyright infringement (Dkt. # 94).

Dated this 30th day of June, 2014.

JAMES L. ROBART
United States District Judge