UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARA CURTIS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ILLUMINATION ARTS, INC., et al.,<br><br>　　　　Defendants. | CASE NO. C12-0991JLR<br><br>ORDER ON PLAINTIFFS' SUPPLEMENTAL SUBMISSIONS CONCERNING DEFAULT JUDGMENT |

On July 17, 2014, this court entered an order granting Plaintiffs' motion for default judgment against Defendants and awarding various categories of damages to Plaintiffs. (*See* 7/17/14 Order (Dkt. # 97).) In its order granting default judgment, the court permitted Plaintiffs to file two separate supplemental submissions within five days of the order. (*See* 7/17/14 Order at 25 n.8, 38-40.) In the first submission, the court permitted Plaintiffs to provide the court with an allocation between the three Plaintiffs of the total contract damages awarded. (*Id.* at 25, n.8.) In addition, the court permitted Plaintiffs to updated their request for attorney's fees under the Copyright Act, 17 U.S.C.

ORDER- 1


§ 505 since their counsel's last declaration on the issue on November 27, 2013 (*see* 11/27/13 Kruckeberg Decl. (Dkt. # 58)). (*See* 7/17/14 Order at 38-40.) The court also permitted Defendants an opportunity to respond to any supplemental submissions filed by Plaintiffs. (*See id.* at 25, n.8, 38-40.)

On July 21, 2014, Plaintiffs filed a memorandum providing an allocation of the total contract damages awarded by the court between Plaintiffs. (Mem. (Dkt. # 98).) As directed by the court, the allocation suggested by Plaintiffs did not alter the total amount of contract damages owed by Defendants Illumination Arts, Inc., Illumination Arts Publishing, LLC, and John Thompson. (*See* 7/17/14 Order at 25, n.8.) Plaintiffs suggested allocating the total contract damages of $6,701.49 as follows: (1) $3,558.70 to Plaintiff Chara Curtis, (2) $2,691.28 to Plaintiff Cynthia Aldrich, and (3) $451.51 to Plaintiff Alfred Currier. (Mem. at 3.) Defendants filed no response to Plaintiffs' proposed allocation (*see generally* Dkt.), and accordingly, the court will adopt this allocation of contract damages in its entry of final judgment.

In the court's order granting default judgment, the court found that Plaintiffs' request for $23,782.10 under the Copyright Act, 17 U.S.C. § 505, through November 27, 2013, was reasonable. (7/17/14 Order at 33-38.) As stated above, the court provided Plaintiffs with an opportunity to submit additional documentation concerning any further attorney's fees and expenses that they had incurred since November 27, 2013. (*See* 7/17/14 Order at 38-40.) Plaintiffs timely filed an additional declaration from their counsel. (*See* 7/21/14 Kruckeberg Decl. (Dkt. # 99).) In his supplemental declaration, Plaintiffs' counsel submits a redacted report from his law firm's accounting program

ORDER- 2

"detailing the fees and costs billed in connection with prosecuting [Plaintiffs'] copyright claims, including time spent in preparation for and conduct of the evidentiary hearing and responding to multiple motions filed by [Defendants]." (7/21/14 Kruckeberg Decl. ¶ 3, Ex. A.) Although the court granted Defendants an opportunity to respond (*see* 7/17/14 Order at 38-40), Defendants have failed to do so (*see generally* Dkt.).

Plaintiffs incurred an additional $61,661.25 in fees in connection with prosecuting their copyright claims since November 27, 2013, which represents an additional 253.85 hours of work. (7/21/14 Kruckeberg Decl. ¶ 4, Ex. A.) Plaintiffs also incurred $363.31 in additional expenses. (*See id.* ¶ 6, Ex. B.) The court previously awarded $23,782.10 for Plaintiffs' fees and costs incurred in prosecuting Plaintiffs' copyright claims prior to November 23, 2013. (7/17/14 Order at 36-38, 40.) Thus, in total, Plaintiffs' counsel spent 360.05 hours prosecuting Plaintiffs' copyright claims, and incurred $85,806.66 in total fees and costs for those same claims. (7/21/14 Kruckeberg Decl. ¶ 9.)

Plaintiffs propose rates varying from $225-$330 per hour for the attorneys working on this matter and $130-$150 per hour for the paralegals. Just as it did in its order granting default judgment, the court finds that these rates are commensurate with market rates in the Western District of Washington and approves them. (*See* 7/17/14 Order at 37 (citing *Getty Images (US) v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 1744522, at *3 (W.D. Wash. Apr. 29, 2014) (approving rates between $275-$385 per hour for attorneys in Seattle and $180 per hour for paralegals)).)

For the same reasons stated in the court's default judgment order, the court also finds that the total amount of additional fees Plaintiffs request pursuant to the Copyright

ORDER- 3

Act, 17 U.S.C. § 505, is reasonable. (*See generally* 7/17/14 Order at 36-38.) To determine the total amount of fees claimed since November 27, 2014, Plaintiffs used the "lodestar" method (*see generally id*.), which involves multiplying the number of hours reasonably expended on the claim or motion by a reasonable hourly rate, *see, e.g., Jordan v. Multnomah Cnty*., 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the court should consider any of the relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). *See Jordan*, 815 F.2d at 1264 n.11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*).

      The relevant *Kerr* factors that the considers here are: the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal services properly, and the amount involved and the results obtained, and awards in similar cases. *See Kerr*, 526 F.2d at 70. Although the issues were not particularly difficult or novel, the number of hours charged is nevertheless relatively low in light of the multiple discovery and summary judgment motions that Plaintiffs prosecuted and the degree of success Plaintiffs obtained with each motion they filed. The court has considered the record in full from the date of Plaintiffs' initial submission concerning fees and expenses (*see* 11/17/13 Kruckeberg Decl. (Dkt. # 58) through the date of Plaintiffs' supplemental submission (*see* 7/21/14 Kruckeberg Decl.) and concludes that the number of hours claimed and the total amount charged is reasonable. Further, the total amount of fees and expenses that Plaintiffs' claim is commensurate with or even modest in comparison to other attorney's fees award for similar cases in the Western District of Washington. *See, e.g., Getty Images (US)*, 2014 WL 1744522, at *3.

1 | Accordingly, the court awards total fees and expenses of $85,806.66 to Plaintiffs under
2 | the Copyright Act, 17 U.S.C. § 505.
3 |     Pursuant to Federal Rule of Civil Procedure 58, a separate document detailing the
4 | court's final judgment in this matter will follow this order.  The court's final judgment
5 | will incorporate its rulings from its order on default judgment (7/17/14 Order), this order,
6 | and other applicable earlier orders of the court.
7 |     Dated this 30th day of July, 2014.

_____
JAMES L. ROBART
United States District Judge